UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

FELIX DeJESUS,

                Plaintiff,

v.                                             9:06-CV-0074
                                             (TJM/GHL)

SERGEANT LaCLAIR, *et al.*,

                Defendants.
_____

APPEARANCES:                               OF COUNSEL:

FELIX DeJESUS
  Plaintiff, *Pro Se*
Terrace Healthcare Center Inc.
2678 Kingsbridge Terrace
Bronx, NY 10463

HON. ANDREW M. CUOMO                 SENTA B. SIUDA, ESQ.
Attorney General for the State of New York     Assistant Attorney General
615 Erie Boulevard West, Suite 102
Syracuse, NY 13204-2455

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION

      This *pro se* prisoner civil rights action, filed pursuant to 42 U.S.C. § 1983, has been referred to me for Report and Recommendation by the Honorable Thomas J. McAvoy, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). Currently pending before the Court is Defendants' motion to dismiss for failure to comply with the procedural rules of the Court and with an Order of the Court, pursuant to Fed. R. Civ. P. 41(b), and Local Rule 41.2(b). (Dkt. No. 43.) Plaintiff has opposed the motion. (Dkt. Nos. 53-55.) For the reasons set forth below, I recommend that Defendants' motion to dismiss be granted in part and denied in part.

I.      RELEVANT BACKGROUND

Felix DeJesus ("Plaintiff") filed this action on January 18, 2006.  (Dkt. No. 1.)  On May 3, 2006, Judge McAvoy issued an Order requiring Plaintiff to file an Amended Complaint correcting several deficiencies in his original Complaint.  (Dkt. No. 3.)  Plaintiff filed that Amended Complaint on May 30, 2006.  (Dkt. No. 6.)

Generally, in his Amended Complaint, Plaintiff alleges that, while he was an inmate at Upstate Correctional Facility between February 2005 and May 2006, nineteen (19) employees of the New York State Department of Correctional Services ("Defendants") violated his rights under the First, Eighth and Fourteenth Amendments in three ways: (1) by being deliberately indifferent to his serious medical needs and subjecting him to cruel and unusual prison conditions; (2) by filing false misbehavior reports against him in retaliation for having presented his complaints to prison officials; and (3) by wrongfully convicting him of the disciplinary charges set forth in the false misbehavior reports.  (*Id*.)

On July 26, 2006, Judge McAvoy issued an Order that, *inter alia*, required Plaintiff to "**promptly notify the Clerk's Office of any change in his address; his failure to do so will result in the dismissal of this action**."  (Dkt. No. 7, at 4 [emphasis in original].)  On June 12, 2007, Plaintiff mailed to the Court a notice of change of address (stating that, on May 29, 2007, his address had changed from Mohawk Correctional Facility to Porter Jay Sharp Center for Opportunity.  (Dkt. No. 39.)  Because of Plaintiff's delay in mailing this notice, a piece of mail sent from the Court to Plaintiff on June 7, 2007, was returned to the Court as undeliverable on June 20, 2007.  (Dkt. No. 40.)  Similarly, on October 31, 2007, Plaintiff mailed a letter to the Court indicating that his address had again changed at some point (from Porter Jay Sharp Center

for Opportunity to Terrace Healthcare Center). (Dkt. No. 44.) However, again, because of Plaintiff's delay in mailing this notice to the Court, a piece of mail sent from defense counsel to Plaintiff on September 14, 2007, was returned to defense counsel as undeliverable on September 26, 2007. (Dkt. No. 42.)

In Judge McAvoy's Order of July 26, 2006, he also directed Plaintiff, *inter alia*, to (1) "take reasonable steps to ascertain the identity of the 'John Doe' defendants" named in his Amended Complaint, and (2) "comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action." (Dkt. No. 7, at 3-4.) Despite these directives, to date Plaintiff has not attempted to amend his Amended Complaint to identify the two John Doe Defendants, and one "Jenne Doe" Defendant, named therein. (Dkt. 6, ¶¶ 17-19 [Plf.'s Am. Compl.].)[1] In addition, to date, the following three Defendants have not yet been served with process, in large part due to Plaintiff's failure to sufficiently identify them and their current addresses in his USM-285 Forms: Defendant "Sergeant LaClair," Defendant "Correction Officer Schule," Defendant "Correction Officer K. Ral." (Dkt. 6, ¶¶ 4, 9, 10 [Plf.'s Am. Compl.]; Dkt. Nos. 19-21 [Unexecuted Summonses]; Dkt. No. 36, 38 [Ltrs. from Court to DOCS inquiring about current addresses of Defs. Schule and LaClair].)

On October 12, 2007, Defendants filed their motion to dismiss. (Dkt. No. 43.) Generally, Defendants argue that Plaintiff's Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 41(b), for two independent reasons: (1) under Fed. R. Civ. P. 41(b), Plaintiff has violated an Order of the Court, namely, Judge McAvoy's Order of July 26, 2006, which directs

---

[1] I note that the deadline for the filing of motions to amend expired on July 30, 2007. (Dkt. No. 37, at 1-2.)

Plaintiff to promptly notify the Clerk's Office of any change in his address; and (2) under Fed. R. Civ. P. 41(b), Plaintiff has violated a procedural rule of the Court, namely, Local Rule 10.1(b), which directs Plaintiff to promptly notify the Clerk's Office of any change in his address. (Dkt. No. 43, Part 4, at 2-3 [Defs.' Mem. of Law].)[2]  As a result, argue Defendants, Plaintiff has placed an unfair burden on Defendants, specifically, the inability to communicate with Plaintiff. (*Id*. at 3.)  Finally, Defendants implicitly argue in a footnote that Plaintiff's claims against Defendants LaClair, Schule, and Ral should be dismissed due to Plaintiff's failure to cause process to be served on them within the deadlines imposed by Local Rule 4.1(b), and Fed. R. Civ. P. 4(m). (*Id*. at 1, at n.1.)

Approximately five and a half months after the filing of Defendants' motion (and two months after the expiration of the deadline for opposing the motion), Plaintiff opposed the motion. (Dkt. Nos. 53.)  Generally, Plaintiff appears to argue that his two failures to promptly notify the Court and counsel of his changes in address were caused by his deteriorating medical condition, specifically, the onset of severe pain in his right side due to liver cancer. (Dkt. No. 53, at 3-5; *see also* Dkt. No. 55, at 2.)

## II.     ANALYSIS

Rule 41 of the Federal Rules of Civil Procedure provides, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).  Even though Fed. R. Civ. P. 41(b) speaks

---

[2] Defendants also argue that the dismissal of Plaintiff's Amended Complaint is authorized by Local Rule 41.2(b) of the Local Rules of Practice for this Court, which provides that the failure to notify the Court of a change of address in accordance with Local Rule 10.1(b) may result in the dismissal of any pending action. (Dkt. No. 43, Part 4, at 3 [Defs.' Mem. of Law].)

only of a dismissal *on a motion by a defendant*, courts have recognized that the rule does nothing to abrogate a district court's inherent power to dismiss a plaintiff's complaint, *sua sponte*, for failure to prosecute.[3] Moreover, the term "these rules" in Fed. R. Civ. P. 41(b) is construed to mean not only the Federal Rules of Civil Procedure but also the local rules of practice for a district court (since Fed. R. Civ. P. 83[a][1] expressly authorizes district courts to adopt local rules of practice).[4] As a result, Fed. R. Civ. P. 41(b) may be fairly characterized as providing for two independent grounds for dismissal on motion or on the Court's own initiative: (1) a failure to prosecute the action, and (2) a failure to comply with the procedural rules, or any Order, of the Court. *Id*.

With regard to the second ground for dismissal (a failure to comply with the Court's

---

[3] *Saylor v. Bastedo*, 623 F.2d 230, 238-239 (2d Cir. 1980) (recognizing that, under the language of Rule 41[b], a district court retains the inherent power to dismiss a plaintiff's complaint, *sua sponte*, for failure to prosecute) [citations omitted]; *see also* N.D.N.Y. L.R. 41.2(a) ("Whenever it appears that the plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge shall order it dismissed.").

[4] *See, e.g.*, *Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006) (Kahn, J.) (dismissing complaint pursuant to Fed. R. Civ. P. 41[b] for failing to comply with, *inter alia*, the district court's Local Rule 10.1[b][2]); *In re Interbank Funding Corp.*, 310 B.R. 238, 254 (Bankr. S.D.N.Y. 2004) (dismissing complaint pursuant to Fed. R. Civ. P. 41[b] for failing to comply with, *inter alia*, the district court's local rules); *see also Abdullah v. Acands, Inc.*, 30 F.3d 264, 269-70 (1st Cir. 1994) (affirming district court dismissal pursuant to Fed. R. Civ. P. 41[b] for failing to comply with, *inter alia*, the district court's local rule governing joinder); *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993) ("A district court has authority under Federal Rule of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules."); *Hewitt v. Romeo-Rim, Inc.*, 05-CV-40236, 2006 U.S. Dist. LEXIS 90803, at *2 (E.D. Mich. Nov. 14, 2006) (dismissing complaint pursuant to Fed. R. Civ. P. 41[b] for failing to comply with, *inter alia*, the district court's local rule requiring response to motion); *Chillis v. U.S. Postal Off.*, 01-CV-0913, 2001 U.S. Dist. LEXIS 18133, at *3 (N.D. Tex. Nov. 5, 2001) (dismissing complaint pursuant to Fed. R. Civ. P. 41[b] for failing to comply with the district court's Local Rule 83.13); *Shough v. Coyle*, 00-CV-0237, 2000 U.S. Dist. LEXIS 21796, at *4 (D. Colo. Aug. 10, 2000) dismissing complaint pursuant to Fed. R. Civ. P. 41[b] for failing to comply with the district court's Local Rule 5.1[L]).

procedural rules or Order), the legal standard governing a dismissal is very similar to the legal standard governing a dismissal for a failure to prosecute. "Dismissal pursuant to Fed. R. Civ. P. 41(b) for failure to comply with an order of the court [or the procedural rules of the court] is a matter committed to the discretion of the district court."[5] The correctness of a Rule 41(b) dismissal for failure to comply with an order of the court or the procedural rules of the court is determined in light of five factors:

> (1) the duration of the plaintiff's failure to comply with the court order [or the court's procedural rules], (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.[6]

Here, with regard to the first factor, I find that the duration of Plaintiff's two failures to comply with Judge McAvoy's Order and with Local Rule 10.1(b), both of which required that Plaintiff promptly notify the Clerk's Office of any change in his address, was fourteen (14) days and at least forty-seven (47) days respectively. *See*, *supra*, Part I of this Report-Recommendation. Generally, it appears that durations of this length (i.e., less than four months) are not long enough to warrant dismissal.[7] As a result, I find that the first factor weighs against

---

[5] *Alvarez v. Simmons Market Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988) [citations omitted].

[6] *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) [citations omitted].

[7] *Cf.* N.D.N.Y. L.R. 41.2(a) ("[P]laintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution."); *Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) (plaintiff had failed to comply with order directing him to answer interrogatories for more than four months).

dismissal of Plaintiff's entire Amended Complaint.

With regard to the second factor, I find that Plaintiff had received adequate notice that failure to comply with Judge McAvoy's Order and with Local Rule 10.1(b) would result in dismissal.  (*See* Dkt. No. 7, at 4 [Judge McAvoy's Order of July 26, 2006, stating, *inter alia*, that "**[Plaintiff's] failure to [notify the Clerk's Office of any change in his address] will result in the dismissal of his action]**"] [emphasis in original]; N.D.N.Y. L.R. 41.2[b] [stating, "Failure to notify the Court of a change of address in accordance with L.R. 10.1(b) may result in the dismissal of any pending action"].)[8]  As a result, I find that the second factor weighs in favor of dismissal of Plaintiff's entire Amended Complaint.

With regard to the third factor, I am unable to find, based on the current record, that Defendants are likely to be prejudiced by further delay in the proceedings.  I make this finding for two reasons.  First, there is no reason to believe that any such "further delay" will occur.  Second, while any delay that occurs *theoretically* impairs a defendant's memory, the preservation of evidence, and the ability to locate witnesses,[9] Defendants have not adduced evidence (or even argued) that the delays in question have done so in this case.  (*See* Dkt. No. 43, Part 4, at 3 [Defs.' Mem. of Law, arguing only that Plaintiff has placed an unfair burden on Defendants, specifically, the inability to communicate with Plaintiff].)  As a result, I find that the third factor weighs

---

[8]     Finally, I note that, to assist *pro se* litigants, the Clerk of the Court for the Northern District of New York has provided to all correctional facilities in New York State copies of the Northern District's Local Rules of Practice and *Pro Se* Manual.

[9]     *See, e.g., Geordiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("The passage of time always threatens difficulty as memories fade.  Given the age of this case, that problem probably is severe already.  The additional delay that plaintiff has caused here can only make matters worse.").

against dismissal of Plaintiff's entire Amended Complaint.

With regard to the fourth factor, I find that, under the circumstances, the need to alleviate congestion on the Court's docket[10] outweighs Plaintiff's right to receive a further chance to be heard in this matter. I am fully aware of Plaintiff's right to be heard on the civil rights claims he has presented. However, I am also aware that (1) Plaintiff has already had an opportunity to be heard for more than two-and-a-half years in this action, and (2) the Court has (up until now) *repeatedly* afforded Plaintiff special solicitude in this action due to his status as a *pro se* litigant, which has effectively worked to prolong this action. (*See*, *e.g.*, Dkt. No. 3; Dkt. No. 10; Dkt. No. 36; Dkt. No. 38; Dkt. No. 50; Dkt. No. 54; Dkt. No. 55.) Simply stated, I am unable to afford Plaintiff with further special solicitude without impermissibly burdening the Court and unfairly tipping the scales of justice against Defendants. As a result, I find that the fourth factor weighs in factor of the dismissal of Plaintiff's entire Amended Complaint.

With regard to the fifth factor, I have carefully considered sanctions less drastic than dismissal of Plaintiff's entire Amended Complaint. For example, I find that issuing an Order chastising Plaintiff for his dilatory conduct might be effective (and is certainly warranted). I also find that issuing an Order dismissing only *some* of the claims in Plaintiff's Amended Complaint (described below) might be effective. As a result, I find that the fourth factor weighs against the dismissal of Plaintiff's entire Amended Complaint.

Weighing these five factors together, I conclude that they tip the scales against dismissing

---

[10] I note that it is cases like this one that delay the resolution of other cases, and that contribute to the Second Circuit's dubious distinction as having (among the twelve circuits, including the D.C. Circuit) the longest median time to disposition for prisoner civil rights cases, between 2000 and 2005 (9.8 months, as compared to a national average of 5.7 months).

Plaintiff's entire Amended Complaint (two of the factors weighing in favor of such dismissal and three of the factors weighing against such dismissal).

Having said that, I hasten to add that I find that these five factors do weigh decidedly in favor of dismissing *some* of the claims in Plaintiff's Amended Complaint. Specifically, I am referring to Plaintiff's claims against (1) the two John Doe Defendants and the one "Jenne Doe" Defendant named in his Amended Complaint, and (2) the three unserved Defendants (i.e., Defendants LaClair, Schule, and Ral). *See*, *supra*, Part I of this Report-Recommendation.

Again applying the five relevant factors, I find that the duration of Plaintiff's failures is sufficiently long to warrant the dismissal of his claims against these six Defendants.[11] I also find that, under the circumstances, Plaintiff has received adequate notice that his failure (to identify and serve these six Defendants) would result in dismissal.[12] Moreover, for the reasons explained

---

[11] Specifically, I find that the duration of Plaintiff's failure to identify and serve the Doe Defendants is approximately a year, because the deadline for the filing of motions to amend (to identify them) expired on July 30, 2007. (Dkt. No. 37, at 1-2.) In addition, I find that the duration of Plaintiff's failure to identify and serve Defendants LaClair, Schule, and Ral is approximately ten months, because the deadline by which Plaintiff had to serve them expired on September 27, 2006, i.e., 120 days from the filing of Plaintiff's Amended Complaint on May 30, 2006. *See* Fed. R. Civ. P. 4(m).

[12] (*See* Dkt. No. 7, at 2-3 & n.4 [Judge McAvoy's Order of July 26, 2006, stating, "Plaintiff is directed to take reasonable steps to ascertain the identity of the defendants identified in the amended complaint as 'John Doe.' If plaintiff fails to ascertain their identities, this action will be dismissed as against them."]; Dkt. No. 7, at 4 [Judge McAvoy's Order of July 26, 2006, directing Plaintiff to "comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action"]; Dkt. No. 8 [Notice from Clerk's Office to Plaintiff dated July 26, 2006, that he needs to submit USM-285 Forms for each Defendant]; Dkt. Nos. 19-21 [Unexecuted Summonses for Defs. LaClair, Schule, and Ral]; Dkt. No. 36, 38 [Ltrs. from Court to DOCS inquiring about current addresses of Defs. Schule and LaClair].) *See also* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time"); *cf*. N.D.N.Y. L.R. 4.1(b) (requiring "service of process upon all defendants within sixty (60) days of the filing of the

above, I find that the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard on his claims against these six Defendants–especially given the questionable nature of some of those claims.[13]  Finally, I find that any sanction less drastic than dismissal of his claims against these six Defendants would not be effective, because there is no reason to believe that Plaintiff, who has proven to be something less than a diligent prosecutor of his action, will identify and serve these six Defendants any time soon (if ever).

For all of these reasons, I recommend that the Court grant Defendants' motion to dismiss to the extent that it seeks the dismissal of Plaintiff's claims against Defendant John Doe #1, Defendant John Doe #2, Defendant Jenne Doe, Defendant Sergeant LaClair, Defendant Correction Officer Schule, and Defendant Correction Officer K. Ral, but that Defendants' motion be otherwise denied.  I note that, even if the Court were not to construe Defendants' motion as specifically requesting the dismissal of these claims, I would recommend the dismissal of those claims on the Court's own initiative.  *See*, *supra*, note 3 of this Report-Recommendation.

**ACCORDINGLY**, for the reasons stated above, it is

**RECOMMENDED** that Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 41(b) (Dkt. No. 43) be **GRANTED** to the extent that it seeks the dismissal of Plaintiff's claims against

---

complaint" and "[i]n no event . . . after the time specified in Fed. R. Civ. P. 4").

[13]     Specifically, I question the actionability of those of Plaintiff's claims that allege Defendants were deliberately indifferent to his serious medical needs by providing him with a "very old wheelchair without [a] foo[t] rest," confining him in administrative segregation, leaving "a big mess" after conducting a search of his prison cell, denying his request for physical therapy, placing him in handcuffs during a visit to the medical clinic, pressing against Plaintiff too hard when loosening his handcuffs, being unable to solve his problem of having "lock jaw," and telling him to "take [his] f***ing medicine."  (Dkt. No. 6, ¶¶ 25-26, 30-31, 35-39 [Plf.'s Am. Compl.].)

Defendant John Doe #1, Defendant John Doe #2, Defendant Jenne Doe, Defendant Sergeant LaClair, Defendant Correction Officer Schule, and Defendant Correction Officer K. Ral, but that Defendants' motion be otherwise **<u>DENIED</u>**.

**ANY OBJECTIONS to this Report-Recommendation must be filed with the Clerk of this Court within TEN (10) WORKING DAYS, PLUS THREE (3) CALENDAR DAYS from the date of this Report-Recommendation (unless the third calendar day is a legal holiday, in which case add a fourth calendar day)**.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); N.D.N.Y. L.R. 72.1(c); Fed. R. Civ. P. 6(a)(2), (d).

**BE ADVISED that the District Court, on** *de novo* **review, will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance.**[14]

---

[14] *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40 n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *Alexander v. Evans,* 88-CV-5309, 1993 WL 427409, at *18 n.8 (S.D.N.Y. Sept. 30, 1993) (declining to consider affidavit of expert witness that was not before magistrate) [citation omitted]; s*ee also Murr v. U.S.*, 200 F.3d 895, 902, n.1 (6th Cir. 2000) ("Petitioner's failure to raise this claim before the magistrate constitutes waiver."); *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.") [citations omitted]; *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994) ("By waiting until after the magistrate judge had issued its findings and recommendations [to raise its procedural default argument] . . . Respondent has waived procedural default . . . objection[].") [citations omitted]; *Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638-39 (9th Cir. 1988) ("[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act."), *overruled on other grounds by U.S. v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992); *Patterson-Leitch Co. Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988) ("[A]n unsuccessful party is not

**BE ALSO ADVISED that the failure to file timely objections to this Report-Recommendation will PRECLUDE LATER APPELLATE REVIEW of any Order of judgment that will be entered**.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of H.H.S.*, 892 F.2d 15 [2d Cir. 1989]).

Dated: July 24, 2008
      Syracuse, New York

*[signature]*
George H. Lowe
United States Magistrate Judge

---

entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate.") [citation omitted].